1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9    Matthew C. Davidson,                              No. CV-13-00004-TUC-FRZ (DTF)

10                      Petitioner,                    **REPORT AND**
                                                       **RECOMMENDATION**
11   v.

12   Susan J McClintock,

13                      Respondent.

14

15         Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant

16   to 28 U.S.C. § 2241. Petitioner, Matthew C. Davidson, who is currently confined at the

17   Federal Correctional Institution in Safford, AZ, alleges that his sentence is beyond the

18   statutory maximum allowed because, based on new case law, he is actually innocent of

19   being an armed career criminal. Pursuant to the Rules of Practice of the Court, this matter

20   was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the

21   Court are the Petition (Doc. 1), Respondent's Answer and Supplemental Brief (Doc. 10,

22   25), and Petitioner's Reply and Supplemental Brief (Docs. 11, 15). The Magistrate Judge

23   recommends the District Court, after its independent review of the record, dismiss the

24   Petition.

25

26

27

28

**BACKGROUND**

Petitioner was convicted on November 3, 2004, of being a felon in possession of a firearm – armed career criminal, conspiracy to obstruct justice, and obstruction of justice. (Doc. 10, Exs. 4, 5.) The jury found that he had six prior convictions for violent felonies, all in Washington state: assault in the second degree (1982), four counts of burglary in the second degree (1982) and one count of burglary in the second degree (1992). (*Id.*, Ex. 6.) In light of the prior convictions, the sentencing judge found Davidson was an armed career criminal and sentenced him to 235 months imprisonment. (*Id.*, Ex. 8 at 31; Ex. 10.)

**ANALYSIS**

Because Petitioner is contesting the legality of his sentence, his claim falls within the parameters of 28 U.S.C. § 2255. However, Petitioner contends he qualifies for the savings clause of that statute, which provides that a writ of habeas corpus under § 2241 may be brought if the remedy available by a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This escape hatch is satisfied if a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). Davidson does not satisfy either requirement for the safety valve.

Petitioner argues he is innocent of the finding under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which provides for a minimum sentence of 15 years: "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one

another." A violent felony for purposes of ACCA is defined as a crime punishable by more than one year in prison that involves the threat or use of physical force or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(B)(ii).

Petitioner contends that none of his five convictions for second degree burglary qualify as ACCA predicate crimes.[1] The initial question to be examined is what qualifies as a burglary for purposes of ACCA. The Supreme Court holds that the following generic definition defines the crime for purposes of this statute: "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). An offense satisfies this definition if either its statutory definition substantially corresponds to "generic" burglary (known as the categorical approach), or the charging paper and jury instructions required the jury to find all the elements of generic burglary in order to convict (modified categorical approach). *Id.* at 602. The phrase "building or structure" from the generic definition of burglary is commonly understood to mean "a structure designed for occupancy that is intended for use in one place."[2] *United States v. Grisel*, 488 F.3d 844,

---

[1] Petitioner does not dispute that his 1982 conviction for assault qualifies as a violent felony for purposes of ACCA.

[2] Petitioner premises some of his arguments on *United States v. Reina-Rodriguez*,

848 (9th Cir. 2007).

In 1982, when Davidson committed four of the predicate burglaries, the relevant Washington state statute provided:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a building other than a vehicle.[3]

W.R.C. § 9A.52.030. "Building" included its ordinary meaning and "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods." W.R.C. § 9A.04.110(5).

Plaintiff argues the Washington statute was broader than the federal generic definition because it included things such as fenced areas and cargo containers and, therefore, it did not satisfy § 924(e). There is no dispute that, because of Washington's comprehensive definition of "building," second degree burglary was broader than the generic crime of burglary. Thus, looking strictly at the statutory definition of the crime, Petitioner's second degree burglary convictions do not come within ACCA. *See United States v. Wenner*, 351 F.3d 969, 972-73 (9th Cir. 2003).

The Court next conducts a modified categorical analysis. In cases resolved through a guilty plea, as were Petitioner's 1982 burglary charges, the Court may look to the

---

655 F.3d 1182 (9th Cir. 2011). That case dealt with how a prior offense of "burglary of a dwelling" is handled under the Sentencing Guidelines. *Id.* It did not alter, as Petitioner argues, the definition of burglary or building for purposes of an ACCA predicate crime.

[3] Petitioner premises several of his arguments on a later version of the second degree burglary statute, adopted in 1989, which excluded entry into a dwelling because dwellings were covered by a new residential burglary statute. The Court does not address any of those arguments with specificity because of the erroneous factual premise.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"statement of factual basis of the charge . . ., shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering a plea." *Shepard v. United States*, 544 U.S. 13, 20 (2005).

In the Information, Petitioner was charged with 4 counts of entering or remaining unlawfully, with the intent to commit a crime, in a building located at: 31211 N.W. Paradise Park Road, Clark County, Washington (Count 2); Route 1, Box 205, Amboy, Washington (Count 3); Route 1, Box 241, Amboy, Washington (Count 4); and Route 1, Box 547, Amboy, Washington (Count 5). (Doc. 177, Ex. 2 at 1-2.) The Statement of Defendant on Plea of Guilty signed by Petitioner provides, as to Counts 3, 4 and 5, that Petitioner entered a "residence" at the addresses identified in the Information. (*Id.* at 4-5.) Residence is not defined for purposes of burglary in Washington. Using the common understanding of the word, a residence is unquestionably "a structure designed for occupancy that is intended for use in one place." Therefore, Petitioner's acknowledgment that he unlawfully entered a *residence* with intent to commit a crime is dispositive. Petitioner necessarily admitted the elements of generic burglary as to three of the 1982 second degree burglary charges. *See United States v. Bonat,* 106 F.3d 1472, 1477 (9th Cir. 1997) (because charge was solely for entering a residence, defendant necessarily admitted elements of generic burglary).

Petitioner sought and was granted permission for the parties to file supplemental briefs regarding the impact of *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), which was decided during the pendency of this case. In *Descamps*, the Supreme Court

revisited the modified categorical approach, explaining that use of that approach is approved only when a prior conviction was based on a "divisible statute" not an indivisible statute. 133 S. Ct. at 2281-82.

A divisible statute is one that sets out one or more elements of the offense in the alternative, such as burglary including entry into a building *or* a vehicle. *Id.* In that event, a court consults the judicially noticeable documents to determine which alternative formed the basis for the conviction. *Id.* The court then compares the crime of conviction (using the alternative element used in the case) with the elements of the generic crime. *Id.* Here, the Washington second degree burglary statute is a divisible statute, in that the definition of building provides alternatives, i.e., the unlawful entry can be into a dwelling, vehicle, or other structures if used for specified purposes. *Descamps* did not alter the analysis for Petitioner's case and the Court, above, applied the modified categorical approach as approved in *Descamps* for divisible statutes.

Petitioner raises several other arguments, all of which fail in light of his admission that three times he unlawfully entered a residence in violation of the 1982 Washington state second degree burglary statute. However, the Court briefly touches upon them below.

Petitioner contends that, in a rural area, a "residence" could be a mobile home, storage shed or barn, which would fall outside *Grisel*. (Doc. 15 at 7-8.) It is untenable to argue a storage shed or barn would be described as a residence. Petitioner contends that if the structure was a mobile home it would not be "permanent," and would violate *Grisel*'s requirement that it be intended for use in one place. *Grisel* does not state that under no

circumstances may a building be moveable, only that it is intended for use in one place. A residence with a street address, such as each of the buildings at issue, clearly is intended for use in one place. *See United States v. Stephens*, 237 F.3d 1031, 1034 (9th Cir. 2001) (finding that the term "dwelling" and a street address is a building within the definition of generic burglary for purposes of ACCA). Further, the documents say "residence" not mobile home.[4] This is in contrast to Petitioner's 1992 burglary charge, which denoted that he entered a camper trailer. (Doc. 10, Ex. 3.)

Petitioner also argues that the items stolen—tools, chain saws, dog food and a splitting maul—would not likely be found in an occupied space but more likely outside a home in a storage area. Petitioner does not accurately represent items stolen in the relevant burglaries. An attachment to the plea agreement lists the items taken at numerous addresses, only one of which corresponds to Counts 3, 4 or 5. From the address of Route 1, Box 547 (Count 5), the document states that twenty-two 50 pound bags of dog food were taken. The Court makes no inference regarding where dog food would most likely be found on a property because Petitioner acknowledged entering a "residence" at that address.

Counting three of Petitioner's 1982 burglary convictions and the 1982 assault

---

[4] Petitioner cites a case in which the indictment stated that the crime occurred in a dwelling in a mobile park, and the court found that to be an impermanent structure that did not qualify as a "building" for ACCA. *United States v. Waits*, 285 Fed. Appx. 465, 466 (9th Cir. 2008). Here, the buildings are described as residences. Petitioner merely speculates that any one of them could have been a mobile home. Further, *Waits* is an unpublished case and of no precedential value. U.S. Ct. of App. 9th Cir. Rule 36-3(a).

conviction, Petitioner has four ACCA predicate violent felonies.[5]

**Actual Innocence**

Petitioner argues he is innocent of being an armed career criminal, therefore, he satisfies the first prong of the safety valve. As explained above, the Court finds that Petitioner's prior convictions satisfy the requirements of the ACCA statute. Thus, his argument fails under any possible analysis.

The Court further notes that even if Petitioner was "innocent" of the ACCA designation in the way that he contends, that would not satisfy the safety valve provision. The Ninth Circuit has not resolved whether a defendant can be actually innocent of a non-capital sentence and acknowledges that other circuits have suggested the escape hatch might apply to a sentence for which a defendant was statutorily ineligible.[6] *Marrero v. Ives*, 682 F.3d 1190, 1193, 1194 (9th Cir. 2012). Regardless, "'actual innocence'" means factual innocence, not mere legal insufficiency." *Id.* at 1193 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In *Marrero*, the Ninth Circuit classified as a purely legal claim that the defendant no longer qualified as a career offender under the Sentencing Guidelines because two of his prior convictions now

_____

[5] Respondent argues that Petitioner's fourth 1982 burglary conviction and his 1992 burglary conviction also qualify as ACCA predicate crimes. After finding four predicate crimes, the Court does not conduct that additional analysis. Similarly, because the Court finds that three of Petitioner's burglaries qualify as burglaries under ACCA, it need not analyze whether these crimes also satisfy ACCA because they pose a serious risk of injury to another.

[6] Petitioner relies upon the case of *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), which found the safety valve satisfied because an ACCA predicate offense no longer qualified as a violent felony. That court did not address legal versus factual innocence and adopted a specific framework for the safety valve that did not include the Ninth Circuit's requirement of "actual innocence." *Id.* at 1274.

would be considered "related." 682 F.3d at 1193; *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (finding claim, that prior conviction did not qualify as ACCA felony, to be a legal argument because petitioner did not challenge his guilt of the predicate). Petitioner's claim before this Court is not one of factual innocence, therefore, it cannot satisfy the first prong of the safety valve.[7]

**Unobstructed Procedural Shot**

Davidson also fails to satisfy the second prong of the safety valve. In applying factor two, the Ninth Circuit considers: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* at 960. Petitioner does not meet either of these requirements.

The change in the law upon which he relies is the case of *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007), which was decided on June 5, 2007. He filed his § 2255 petition on July 2, 2007, and it was decided in September of that year. (Doc. 10, Exs. 13, 15.) Thus, the legal basis for his claim did not arise after his § 2255 motion but before he filed it. Davidson suggests the Court should not use the date of the opinion but the date the case became available to him in the prison law library. (Doc. 11 at 8.) The Ninth Circuit holds the relevant question to be whether a petitioner ever "had the opportunity to raise it by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003). Such an opportunity, "does not mean he took the shot, or even that he or his attorney recognized

---

[7] Respondent raised the argument regarding legal insufficiency for the first time in its supplemental brief. However, Petitioner addressed the relevant cases, *Bousley* and *Marrero*, in his briefing (Doc. 1 at 6-7); therefore, the Court considers it.

the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (quoting *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir. 1999), *overturned on other grounds by Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011)). This claim was available to Davidson before he filed his § 2255 motion, therefore, he had the opportunity to present it at that time. Petitioner's argument that he acted with due diligence is based on caselaw related to equitable tolling of the statute of limitations and has no bearing on the issue before this Court.

Further, the change set forth in *Grisel* did not alter the analysis relevant to Petitioner's claim. Contrary to Petitioner's argument, the judicially-noticeable documents establish that three of his burglaries involved entering residences. These crimes qualified as generic burglaries before and after *Grisel*, which merely excluded moveable structures not designed for occupancy. Davidson fails to meet either part of the second prong of the safety valve.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is not needed for a § 2241 petition, but is required for a § 2255 motion. 28 U.S.C. § 2253(c). Because the Court finds the petition is most reasonably classified as a disguised § 2255 motion, *see Harrison*, 519 F.3d at 952, the Court assesses whether to issue a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Cases. The Court finds a certificate of appealability is not warranted because reasonable jurists could not debate the resolution of this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880,

893 & n.4 (1983)).

## CONCLUSION & RECOMMENDATION

Petitioner has failed to demonstrate that he qualifies for the § 2255 safety valve. Under current law, Petitioner has four prior predicate crimes for purposes of ACCA. He has not established factual innocence as to any of the predicates. The legal basis for Petitioner's claim was available prior to his § 2255 motion and *Grisel* did not alter the analysis of Petitioner's claim; thus, he had an unobstructed procedural opportunity to present this claim in a prior proceeding. Therefore, the Court does not have jurisdiction over his petition. Based on the foregoing, the Magistrate Judge recommends that the District Court dismiss the Petition for Writ of Habeas Corpus (Doc. 1) and deny a certificate of appealability.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV-13-0004-TUC-FRZ**.

Dated this 28th day of April, 2014.

D. Thomas Ferraro
United States Magistrate Judge